**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**JAVIER VELASQUEZ,**

**Plaintiff,**

**vs.** **No. CIV 11-0321 RB/GBW**

**HALLIBURTON ENERGY SERVICES, INC., THOMAS FANKHAUSER, and DONALD SEAY.**

**Defendants.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendants' joint Motion for Summary Judgment or, in the Alternative, Motion to Compel Arbitration and to Stay This Action Pending Such Arbitration. *Doc. 8*. Having considered the motion, Plaintiff's Response (*doc. 10*), and Defendants' Reply (*doc. 15*), I grant the motion for summary judgment and dismiss the action with prejudice.

## I. Background

Javier Velasquez began working for Halliburton Energy Services, Inc., (HES) in 1995, and continued his employment with HES, off and on, until April of 2009. *Doc. 1* at 2. The specific period of employment relevant to this litigation began in August of 2005, when Plaintiff was hired as a Service Supervisor I in Hobbs, New Mexico. *Id.* at 2-3. In August of 2007 Plaintiff was promoted to Service Supervisor II. *Id.* at 3. In January of 2008, Plaintiff suffered a stroke while at work. *Id.* at 2. As a result of the stroke, Plaintiff had reduced use of his upper extremities; additionally he has since suffered "headaches, memory loss, stress, lack of balance, and other related conditions." *Id.* at 2-3. Although Plaintiff had ongoing physician care after the stroke and was put on medication, he eventually resumed his normal job duties. *Id.* at 3.

Plaintiff's trouble with HES appears to have begun in March of 2009. During that time, Defendants Seay and Fankhauser were employed as HES supervisors to whom Plaintiff reported. *See doc. 1* at 3. Plaintiff requested sick leave on March 5th and 6th to undergo testing recommended by his physician. *Id.* His leave was approved. *Id.* Nevertheless, on the afternoon of the 6th, Plaintiff was called into work. *Id.* Because he was on approved leave, Plaintiff refused to go into work despite several telephoned requests that afternoon and evening, including one from Defendant Seay. *Id*. at 3-4.

The next day, Plaintiff called the HES dispatcher to advise that he would be coming into work, and he was told he could not return. *Id*. at 4. Between March 7th and March 25th, Plaintiff, the individual defendants, and other HES representatives had numerous meetings, telephone conversations, and other communications regarding when Plaintiff would be allowed to return and what medical documents, if any, he would have to provide to keep his job. *Id*. at 5-7. On March 19th, Plaintiff received a letter from HES' human resources supervisor notifying him that, as of March 20th, he was fired due to job abandonment. *Id*. at 6. Despite Plaintiff disputing the job abandonment finding, meeting with the individual defendants, and making several efforts to talk with HES personnel and get evaluated by the doctors HES approved, on March 25th he was asked to return his work keys, advised that the crew he was supervising had been reassigned, and told that he had been put on "vacation relief." *Id.* at 7. Plaintiff understood this to mean that his employment was terminated, and on April 17, 2009, HES confirmed that he had been let go. *Id*. at 7-8. At the time Plaintiff was fired he was 39 years old. *Doc. 8* at Exh. B.

On June 18, 2010, Plaintiff filed suit in New Mexico state court (Case One) against HES for "discriminatory employment practices" that violated the New Mexico Human Rights Act, New Mexico Constitution, other unspecified state laws, and the Americans with Disabilities Act (ADA).

*Doc. 8* at Exhs. B, C. Although Defendants Seay and Fankhauser are not named in that complaint, the fifth paragraph of the complaint alleges that HES "is liable for the neglect, default and breach of contract of its employees or agents who participated in, directing, supervising, or overseeing the decision of termination of Mr. Velasquez." *Id.* at Exh. B. The complaint goes on to allege that HES failed to accommodate Plaintiff's medical needs and that its termination of Plaintiff's employment was wrongful because it was motivated by Plaintiff's medical condition or physical disability. *Id.* Plaintiff sought damages in the form of back pay, front pay, and benefits from March of 2009 through Plaintiff's retirement age; compensatory damages for emotional distress and injury to self esteem and reputation; and punitive damages and attorney fees. *Id*. On November 23, 2010, HES removed the action to federal court noting that Plaintiff's state law claims were time barred, and, thus, the only viable claim left was the federal ADA claim. *Id.* at Exh. C. A month later HES sent Plaintff's counsel a letter notifying him that it was HES' position that Plaintiff's action was improperly brought because Plaintiff had signed an agreement to arbitrate all employment disputes. *Id.* at Exh. D. The letter went on to request that Plaintiff voluntarily dismiss the case and notified him that HES might move for attorney fees if it had to file a motion to compel. *Id.* Apparently as a result of the letter, in January of 2011 Plaintiff and HES filed a Joint Motion to Dismiss Complaint With Prejudice, and this Court entered an order dismissing Plaintiff's claims with prejudice. *Id*. at Exhs. E, F.

On April 19, 2011, Plaintiff filed his complaint in this Court for the case at bar (Case Two). *Doc. 1*. In it, he sues HES and his supervisors, Thomas Fankhauser and Donald Seay, for violations of the Family and Medical Leave Act (FMLA), breach of an implied employment contract, wrongful discharge, tort, retaliatory discharge, breach of the covenant of good faith and fair dealing, and civil conspiracy. *Id.* The factual bases on which he grounds his claims, while more fleshed-out, are the

same as those used to ground the claims asserted in Case One: that Defendants did not adequately accommodate Plaintiff's medical needs and fired him in the spring of 2009[1] due to his serious medical condition. *Id.* Again, Plaintiff seeks damages in the form of past and future lost wages and benefits; mental, emotional, and psychological distress; loss of enjoyment of life; punitive damages; pre and post judgment interest; and attorneys' fees. *Id.*

Defendants assert that they should be awarded summary judgment in full because claim preclusion bars relitigation of Plaintiff's claims. *Doc. 8.* Alternatively, they assert that this Court should compel arbitration of Plaintiff's claims and stay the proceedings in this Court pending resolution of the arbitration. *Id.* Plaintiff asserts that claim preclusion does not apply here because the parties and causes of action are different. *Doc. 10.* He further asserts that compelling arbitration would be inappropriate because the agreement he signed is unenforceable. *Id.* Thus, Plaintiff requests that this Court deny the motion for summary judgment and motion to compel.

## II. Legal Standard

Summary judgment is proper if the movant demonstrates that there is "no genuine issue as to any material fact" and that he is "entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). When applying this standard, the court examines the record and makes all reasonable inferences in the light most favorable to the non-moving party. *Munoz v. St. Mary Kirwan Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000).

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no

[1] The complaint in Case One states that the termination date was March 20, 2009, while the complaint in Case Two explains that termination happened sometime between March 25 and April 17, 2009. *See doc. 8* at Exh. B, *doc. 1* at 7-8.

'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

If the moving party satisfies its initial burden, the party opposing the motion for summary judgment may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing there is a genuine issue for trial as to a dispositive matter for which it carries the burden of proof. *See Munoz*, 221 F.3d at 1164. It is not sufficient "to simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. An issue of material fact is genuine if a reasonable jury could return a verdict for the party opposing the motion. *See Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1129 (10th Cir. 2003). The substantive law at issue determines which facts are material in a given case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.; accord Celotex*, 477 U.S. at 323.

## III. Analysis

### *A. Dispute over Compliance with D.N.M.LR–Civ 56.1(b)*

As an initial matter I note that in his opposition brief, Plaintiff pointed out that Defendants failed to organize their motion for summary judgment in accord with Local Rule 51.6(b). *See doc. 10*; D.N.M.LR–Civ 56.1(b). Plaintiff then requested the opportunity to respond, presumably by way of sur-reply, to any issues of fact presented in Defendants' reply brief that Plaintiff may have missed because of the organization of the original motion. *Doc. 10.* In response, Defendants listed the material, undisputed facts in its reply brief and noted that they did not object to Plaintiff having the

opportunity to respond to that list. *Doc. 15*. That reply was filed on August 15, 2011. To date, Plaintiff has not filed or sought leave to file a sur-reply. Thus, I find this matter resolved.

*B. This Court, and not an Arbitration Panel, Should Decide the Issue of Claim Preclusion*

Next, the parties have agreed that this Court, and not an arbitration panel, should decide the issue of claim preclusion. *See doc. 8* at 5-7; *doc. 10* at 5. The parties' position is in accord with the weight of available authority, and I will decide whether this Court's prior judgment precludes review of the case at bar. *See e.g. John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132, 137-39 (3d Cir. 1998) (collecting cases and holding that preclusive effect of prior district court judgment is to be decided by the district court that rendered the judgment rather than an arbitrator).

*C. Plaintiff's First Action, Dismissed with Prejudice in January of 2011, Precludes Review of the Present Suit*

"Under the doctrine of res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Clark v. Haas Group, Inc*., 953 F.2d 1235, 1238 (10th Cir. 1992) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). "One of the main policy considerations underlying res judicata is the interest in bringing litigation to an end. 'By preventing repetitious litigation, application of res judicata avoids unnecessary expense and vexation for parties, conserves judicial resources, and encourages reliance on judicial action.'" *Nwosun v. Gen. Mills Rests., Inc*., 124 F.3d 1255, 1258 (10th Cir. 1997) (quoting *May v. Parker-Abbott Transfer and Storage, Inc*., 899 F.2d 1007, 1009 (10th Cir. 1990)). "Put simply, the doctrine 'involves the impropriety of permitting parties to have two bites at the apple.'" *Casias v. Sw. Med. Assocs.*, No. CIV-04-0142 JB/ACT, 2005 WL 3662924, at *3 (D.N.M. Oct. 31, 2005) (quoting *Kenman Eng'g v. City of Union*, 314 F.3d

468, 478 (10th Cir. 2002)). Federal law applies to questions of claim preclusion arising in federal court. *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999); *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1332 (10th Cir. 1995). Where, as here, the federal jurisdiction in Case One was based on a federal question rather than diversity, federal common law need not be supplemented with an analysis of state preclusion law. *See Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507-09 (2001).

In the Tenth Circuit, claim preclusion requires: "(1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits." *Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1202 (10th Cir. 2000) (citing *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999)). Sometimes a fourth element is separately considered: whether the plaintiff had a full and fair opportunity to litigate his claims. *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997); *but see Yapp*, 186 F.3d at 1227 n.4 (stating without explanation that the "full and fair opportunity to litigate" concern is not so much an element as a limitation). Regardless, here, the parties agree that the first element is met, *see doc. 10* at 5; *see also Clark*, 953 F.2d at 1238 (holding that a stipulated voluntary dismissal with prejudice is a judgment on the merits), and Plaintiff argues only that the parties and cause of action are not the same. *Doc. 10* at 5. Thus, I have confined my analysis to elements two and three, above.

i. The Parties are the Same

HES was a defendant in both Case One and Case Two, and hence the same parties element is clearly satisfied as to that defendant. Mr. Saey and Mr. Fankhauser, however, were not named in the previous suit. Generally, prior judgments are not binding on nonparties, and thus the "same parties" element will only be satisfied as to Mr. Saey and Mr. Fankhauser if they are in privity with HES. *See e.g. Pelt v. Utah*, 539 F.3d 1271, 1281 (10th Cir. 2008); *Frandsen v. Westinghouse Corp.*,

46 F.3d 975, 978 (10th Cir. 1995).

In the Tenth Circuit, "no definition of privity can be automatically applied in all cases involving the doctrine of res judicata." *Pelt*, 539 F.3d at 1281 (quoting *Century Indem. Co. v. Hanover Ins. Co.*, 417 F.3d 1156, 1160 (10th Cir. 2005)). But "[p]rivity requires, at a minimum, a substantial identity between the issues in controversy and showing the parties in the two actions are really and substantially in interest the same." *Pelt*, 539 F.3d at 1281 (quoting *Lowell Staats Min. Co. v. Philadelphia Elec. Co.*, 878 F.2d 1271, 1275 (10th Cir. 1989)). Additionally, the Supreme Court has set out six nonexclusive categories of circumstances that allow claim preclusion to apply to nonparties of the original suit; two of those categories may be relevant here: (1) where there exists a preexisting substantive legal relationship between the person to be bound and a party to the judgment, and (2) where a nonparty was adequately represented in the original action by a party with the same interests (but "virtual representation" does not confer a close enough relationship for preclusion). *Taylor v. Sturgell*, 553 U.S. 880, 894-95 (2008). The employee-employer relationship was not discussed in *Taylor*, however, and neither the Supreme Court nor the Tenth Circuit has established when a plaintiff will be precluded from bringing suit against employees of a previously sued company for claims arising from the same set of facts. Such guidance would be helpful since "[e]mployer and employee [relationships] are frequently caught up" in nonparty preclusion questions, and "[g]reat weight must be given to the substantive law that controls a specific relationship." 18A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 4460 (2d ed.).

In the absence of precedent I look to my sister courts for guidance, and there are several opinions from this district and around the country that have barred plaintiffs from bringing suit against employees for claims stemming from the same facts that gave rise to claims already

adjudicated against their employers. *See Lewis v. Smith,* No. Civ. 05-1144, doc. 15 at 3 (D.N.M. Apr. 7, 2006) (barring the plaintiff from bringing suit against her supervisors where she had previously and unsuccessfully brought the same claims against her employer; the court noted: "where supervisory employees are acting as the corporation, they legally act 'in privity' with their employer."); *Xu v. City of New York*, No. 08 Civ. 11339 DLC, 2010 WL 3060815 at *4 (S.D.N.Y. Aug. 3, 2010) (ostensibly applying state preclusion law but finding the "preexisting legal relationship" category from the U.S. Supreme Court's *Taylor* decision applied to supervising employees where the company that employed them previously and successfully defended against an earlier law suit brought by the same plaintiff); *Talano v. Bonow*, No. 00 C 1208, 2002 WL 31061198, at *2 (N.D.Ill. Sept. 16, 2002) ("Employees of a defendant in a prior suit are in privity with the defendant for the purposes of claim preclusion."); *Womack v. American Tel. & Tel. Co., Inc.*, 982 F. Supp 1460, 1463 (M.D. Ala. 1997) (holding that supervising employees sued in a subsequent suit are entitled to res judicata where the plaintiff previously and unsuccessfully brought suit against the employer for claims arising from the same set of facts); *but see De Llano v. Berglund*, 183 F.3d 780, 781-82 (8th Cir. 1999) (holding that a state university professor's prior Title VII discrimination suit against the university does not preclude him from later suing the university employees involved in his termination *in their individual capacities*). New Mexico state preclusion law also appears to be in line with these holdings. *See Gonzales v. Hernandez*, 175 F.3d 1202, 1208 (10th Cir. 1999) ("New Mexico [state] law clearly precludes Ms. Gonzales' discrimination claim against the employee defendants in this action," where she had previously and unsuccessfully sued the employer on similar grounds).

The most relevant of these cases, *Lewis v. Smith*, comes from this district. In that case the plaintiff brought a lawsuit in state court against his former employer, The Downs at Albuquerque,

for discriminatory termination of employment. *Lewis v. Smith*, No. Civ. 05-1144-BB-RHS, doc. 15 (D.N.M. Apr. 7, 2006). The defendant removed the action, and the federal court dismissed the suit because an earlier action rendered plaintiff's claims barred by claim preclusion. *Id.* Later, the plaintiff filed yet another action in federal court. *Id.* In dismissing that third suit the court noted, "[t]he only difference between the present suit and the second claim filed by Plaintiff is the identity of Defendants. In the second suit, Plaintiff named The Downs at Albuquerque while here, Plaintiff named Craig Smith and Frank Troup, supervisory employees of The Downs at Albuquerque, whose actions were the alleged basis of Plaintiff's first two complaints." *Id.* at 2. The *Lewis* court looked to the Tenth Circuit opinion *Lowell Staats Min. Co. v. Philadelphia Elec. Co.*, 878 F.2d 1271, 1276 (10th Cir. 1989), which upheld a lower court's finding of privity between a company and its directors for issues of claim preclusion. *Id.* at 3; *Lowell Staats Min. Co.* at 1276-77 ("[a] corporation acts through its officers, directors, and agents" . . . . "A director's close relationship with the corporation will generally establish privity."). Relying on that precedent, the *Lewis* court held:

> This case is identical to Plaintiff's second suit, CIV 05-733, except that Plaintiff named two supervisory employees rather than the corporate employer as being responsible for her termination. Where supervisory employees are acting as the corporation, they legally act "in privity" with their employer. *Lowell Staats Min. Co. v. Philadelphia Elec. Co.*, 878 F.2d 1271, 1276 (10th Cir. 1989). This claim is thus barred by res judicata.

*Lewis*, No. Civ. 05-1144, doc. 15 at 3. The *Lewis* Court's extension of the *Lowell Staats Min. Co.* precedent strikes me as reasonable and in accord with the other cases cited above. Moreover, such a holding promotes the policy of "preventing repetitious litigation . . . [to] avoid[] unnecessary expense and vexation for parties, conserve[] judicial resources, and encourage[] reliance on judicial action." *Nwosun v. General Mills Restaurants, Inc.*, 124 F.3d 1255, 1258 (10th Cir. 1997)(internal citation omitted). Thus, I adopt the approach of the *Lewis, Xu, Talano, Womack,* and *Gonzales* courts. *See supra*.

Plaintiff's opposition brief does not address Defendants' privity argument and instead asserts that under the FMLA Plaintiff is allowed to bring claims against Seay and Fankhauser individually. *See doc. 10* at 5-8. While that may be true, Plaintiff provides no authority to show how individual liability under the FLMA would destroy privity for purposes of claim preclusion. *Id*. Indeed, neither of the two cases Plaintiff cites even address privity in a claim preclusion context. *See id.* (citing *Hatch v. Boulder Town Council*, 471 F.3d 1142, 1147 (10th Cir. 2006); *Saavedra v. Lowe Homes Centers, Inc*., 2010 U.S. Dist. LEXIS 98630 (D.N.M. 2010)). Moreover, Defendants have provided case law that suggests privity survives claims of individual liability where the individual defendants' offending conduct was performed pursuant to their roles as an employees. *See e.g. RegScan, Inc. v. Brewer*, 289 F. App'x 488, 490 (3d Cir. Aug. 14, 2008) (holding, under Pennsylvania state law, "[plaintiff] claims that it is suing the individual defendants in their individual capacities, and not as officers, directors, and/or employees of Citation. An examination of the proposed amendment to the state court complaint and the federal complaint shows that all of the alleged actions of the defendants were undertaken as representatives and agents of Citation. Thus, the district court correctly concluded that the fourth prong of Pennsylvania's res judicata doctrine has been met."). The *RegsScan* decision is in consonance with *Lewis* and the other cases discussed above, and I adopt its reasoning here. Thus, I find Plaintiff's objection unpersuasive.

The individual defendants here are employed by a private company, thus avoiding the thorny issue of individual/official capacity preclusion that comes into play with certain claims against public entities and their employees. *See e.g. De Llano v. Berglund*, 183 F.3d 780, 781-82 (8th Cir. 1999). Moreover, the claims against them in the case at bar all stem from actions they took while functioning in their capacity as employees of HES. Indeed, Plaintiff's claims against HES are factually grounded, almost exclusively, on the actions of the individually named defendants. Hence,

for claim preclusion purposes, I find Defendants Seay and Fankhauser in privity with their employer, Defendant HES. Therefore, I find the "same parties" element is met.

ii. The Cause of Action is the Same

Plaintiff next asserts that claim preclusion is inappropriate because the same cause of action element has not been met. *Doc. 10* at 8. Federal common law in the Tenth Circuit takes a transactional approach to determining whether the two actions constitute the same cause of action. *See Hatch v. Boulder Town Council*, 471 F.3d 1142, 1151 (10th Cir. 2006); *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1335 (10th Cir. 1988). The transactional approach appreciates that multiple claims can spring from the same underlying event(s) and still be considered the same for claim preclusion purposes. *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1239 (10th Cir. 1992); *see also Petromanagement Corp.*, 835 F.2d at 1335. It logically follows that actual litigation in Case One of the particular legal theory or claim advanced in Case Two is, thus, not a requirement of claim preclusion. *Clark*, 953 F.2d at 1238. Indeed, what matters is whether the plaintiff *could* have argued the legal theory or claim advanced in Case Two when he litigated Case One. *Clark*, 953 F.2d at 1238.

The Tenth Circuit has articulated the following three factors to help guide the analysis of the same cause of action element:

> [1]'whether the facts are related in time, space, origin, or motivation, [2] whether they form a convenient trial unit, and [3] whether their treatment as a unit conforms to the parties' expectations or business understanding or useage.' Restatement § 24(2). In determining trial convenience, the court shall examine to what extent the witnesses or proofs in the second action tend to overlap the witnesses or proofs in the first action.

*Clark*, 953 F.2d at 1237 (referencing *Petromanagement Corp.*, 835 F.2d 1329 and Restatement (Second) of Judgments § 24, comment b (1982)). Additionally, the Tenth Circuit held in *Clark*, and reaffirmed in a later case, that where a plaintiff first sues his former employer for unpaid overtime

under the Fair Labor Standards Act (FLSA) and then later sues the employer for something else, such as discrimination or wrongful discharge, the transaction is the employment, and thus the plaintiff is precluded from bringing the second suit. *Clark*, 953 F.2d at 1239; *Yapp v. Excel Corp.*, 186 F.3d 1222, 1228 (10th Cir. 1999) (noting that the Tenth Circuit is alone in holding that claims arising from the same employment relationship are necessarily grounded upon the same transaction but also noting that the court was without authority to overrule the previous panel decision in *Clark*).

Plaintiff has offered no argument to counter Defendants' claim that *Clark* and *Yapp* are direct authority controlling resolution of this element. Instead, Plaintiff asserts that "[t]he causes of action set forth in the second action are what the *Hatch* court described as 'new and independent claims.'" *Doc. 10* at 8 (citing *Hatch v. Boulder Town Council*, 471 F.3d 1142, 1150-51 (10th Cir. 2006)). Plaintiff also asserts that because the complaint in Case One lacks the factual details provided in the complaint for Case Two, "Defendants cannot say with any certainty that the facts in the first and second actions are, pragmatically speaking, 'related in time, space, origin, or motivation,' or 'form a convenient trial unit.'" *Doc. 10* at 8.

Plaintiff's assertions are unsupported. *Hatch* involved landowners suing municipal authorities and their employees for several alleged constitutional violations that took place over a period of time, and its holding did nothing to overturn or limit the holdings in *Yapp* and *Clark*. Moreover, in direct contradiction to Plaintiff's argument, *Hatch* holds that plaintiffs cannot avoid claim preclusion simply by withholding factual detail from the complaint in the first action:

> This does not mean, however, that a plaintiff can avoid supplementing his complaint with facts that are part of the same transaction asserted in the complaint, in the hope of bringing a new action arising out of the same transaction on some later occasion. Under the transactional test, a new action will be permitted only where it raises new and independent claims, not part of the previous transaction, based on the new facts. *See Storey v. Cello Holdings, LLC*, 347 F.3d 370, 384 (2d Cir. 2003) ("Where the facts that have accumulated after the first action are enough on their own to sustain the second action, the new facts clearly constitute a new 'claim,' and the second

> action is not barred by res judicata." ) (emphasis added). Thus, any claims that Hatch now asserts that are part of the same transaction asserted in his previous complaint should be precluded, while new and independent claims may go forward.

*Hatch v. Boulder Town Council*, 471 F.3d 1142, 1150 (10th Cir. 2006). Here, Plaintiff has failed to identify any "new facts," and I see none. Indeed, given that both Case One and Case Two were filed after Plaintiff was fired and both suits involve the period of employment subsequent to and including that firing, it is hard to imagine what "new facts" Plaintiff could allege to allow him to escape the holdings of *Clark* and *Yapp*. Further, because all facts relevant to the claims in Case One and Case Two spring from the same employment, the added detail in the complaint for Case Two does nothing to thwart the application of claim preclusion. *See id.*

Moreover, the facts here are even more indicative of a shared transaction than was the case in *Clark* and *Yapp*. In those cases, the first suits involved claims under the FLSA for unpaid overtime. *Clark* 953 F.2d at 1236; *Yapp* 186 F.3d at 1225. The second suit in *Clark* involved alleged gender and age discrimination violations of the Equal Pay Act and the Age Discrimination in Employment Act. *Clark*, 953 F.2d at 1236. In *Yapp* the second suit involved "numerous claims for wrongful termination." *Yapp*, 186 F.3d at 1225. Despite the relatively disparate claims and facts asserted in the first and second suits, the Tenth Circuit held in both cases that the transaction was the employment. *Clark*, 953 F.2d at 1239; *Yapp*, 186 F.3d at 1228. Here, the claims share more facts: Plaintiff disputed his termination in both Case One and Case Two and based his claims in both on facts relating to how Defendants reacted to Plaintiff's medical condition, how little they accommodated his condition, and the circumstances leading to Plaintiff's termination. *See docs. 1*, *8* at Exh. B. Thus, it strikes me that the facts at issue in Case One and Case Two are at least as related in time, space, origin and motivation as those in the first and second actions in *Clark* and *Yapp*. *See Clark*, 953 F.2d at 1237. Similarly, the claims in Case One and Case Two form an even

more convenient trial unit than did the claims at issue in *Clark* and *Yapp*: because the facts relied upon to prove both sets of claims are so similar, the overlap of witnesses and proofs in Case One and Case Two are likely more complete in the case at bar than were the overlaps in the first and second lawsuits in *Clark* and *Yapp*. *Id.*

By further analogizing to *Clark*, the appropriate resolution of this element becomes clear. As in *Clark*, had the claims asserted in Case Two "been asserted by [Plaintiff] in [his] complaint filed in the first suit, they would have been heard and determined." *Clark* at 1239; *see also McWilliams v. Jefferson County*, 463 F. 3d 1113 (10th Cir. 2006) (deciding an employment dispute case where the plaintiff brought claims under the FLMA as well as Title VII, the ADA, and assorted state laws). Also as in *Clark*, "[t]here was a single 'transaction' in that the 'claims' in each case were predicated on [Plaintiff's] employment." *Clark*, 953 F.2d at 1239. Finally, just as in *Clark*, "[b]y permitting the instant case to proceed, the district court [would] allow[] 'precisely the sort of piecemeal litigation, unnecessary expense, and waste of judicial resources that the doctrine of res judicata is designed to prevent.'" *Clark*, 953 F.2d at 1239-40 (citing *May*, 899 F.2d at 1010). Thus, I find that the same cause of action element is present.

Because all of the claim preclusion elements have been met, I find that further review of Mr. Velasquez' suit is precluded and award summary judgment in favor of Defendants.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion for Summary Judgment (*doc. 8*) is granted and this case dismissed with prejudice.

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**